IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ELGIN R. ROBINSON, JR.,**

                **Plaintiff,**

     v.                            CASE NO. 17-3022-SAC-DJW

**EMERY GOAD,**

                **Defendant.**

**MEMORANDUM AND ORDER**

This matter is a civil rights claim filed under 42 U.S.C. § 1983 by a prisoner in state custody. On February 14, 2017, U.S. Magistrate Judge Waxse directed plaintiff to submit an initial partial filing fee and to show cause why this matter should not be dismissed for failure to state a claim for relief (Doc. #5). Plaintiff has submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.

Plaintiff also has submitted two responses to the order to show cause (Docs. #6 and #7). The Court has reviewed the responses and enters the following order.

**Background**

Plaintiff sues Emery Goad, a private investigator, alleging violation of his rights under the Fifth, Sixth, and Fourteenth Amendments. The materials in the record show that defendant Goad was retained by plaintiff's criminal defense team during his criminal case. In 2008, Goad provided information obtained during discovery to a reporter who published a news article discussing the information.

In 2013, the Office of the Kansas Attorney General Private Detective Licensing Unit issued a summary order on a complaint filed

by plaintiff establishing as a condition to defendant's continued licensure that during the ensuing 12 months he remain free from any violations of the state Private Investigator Act and associated state regulations (Doc. #6, pp. 3-10).

## Discussion

The remedy provided by 42 U.S.C. § 1983 authorizes suits only against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by an person acting under color of state law.")(internal quotation marks omitted). The defendant, a private investigator, is not a state actor.

A plaintiff can state a claim under Section 1983 by alleging that a private citizen conspired with state actors to violate his federal rights. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). To plead such a conspiracy, a plaintiff may not rest on "mere conclusory allegations with no supporting factual averments" but rather "must specifically plead 'facts tending to show agreement and concerted action'." *Id*.

Plaintiff fails to adequately plead a conspiracy. He alleges only broadly that the defendant conspired with court-appointed counsel and lead prosecutors (Doc. #6, pp. 1-2). The Court notes that both the Kansas Court of Appeals and the Private Detective Licensing Unit of the Office of the Kansas Attorney General previously determined that petitioner had not presented any evidence supporting a conspiracy.

In affirming the denial of petitioner's post-conviction challenge, the Kansas Court of Appeals summarized correspondence from the Kansas Disciplinary Administrator's Office finding no ethical

violations by petitioner's counsel "because they had no advance knowledge of the investigator's communications with the reporter, did not condone the investigator's actions, and immediately fired the investigator when they learned what he had done." *Robinson v. State*, 367 P.3d 1284 (Table), 2016 WL 1169381 at *6 (Kan.App. Mar. 25, 2016).

Likewise, the decision of the Private Detective Licensing Unit states, in part, that "there is nothing offered by Robinson to support an allegation that a conspiracy against Robinson existed between Goad and the prosecution." (Doc. #6, Attach. p. 6.)

Because there is no specific allegation supporting plaintiff's claim of a conspiracy, there is no legal ground for a claim against defendant Goad under Section 1983.

In any event, however, plaintiff has failed to timely present a claim under Section 1983. The statute of limitations for claims brought under Section 1983 is "drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  In Kansas, the two-year limitation period for personal injury actions applies. *See* K.S.A. § 60-513(a)(4).

Federal law determines the accrual date of a claim under Section 1983. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, an action under Section 1983 "accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006), *cert. denied*, 549 U.S. 1059 (2006). Here, plaintiff became aware of the facts concerning the transmission of evidence to a reporter when the news article was published on June 15, 2008. *See* Doc. #6, p. 3. He offers no explanation for his failure to present his claims within the limitation period.

**Conclusion**

The Court concludes plaintiff does not state a claim for relief against defendant Goad.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions to proceed in forma pauperis (Docs. 2 and 4) are granted. Collection action shall continue under 28 U.S.C. §1915(b) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim for relief.

The clerk of the court shall transmit a copy of this order to the Finance Office of the facility where plaintiff is incarcerated.

**IT IS SO ORDERED.**

DATED:  This 28th day of February, 2017, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge